IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LUIS ALBERTO LOPEZ-RAMIREZ, #29552-018            PETITIONER

VS.            CIVIL ACTION NO. 5:07-cv-16-DCB-MTP

CONSTANCE REESE, WARDEN            RESPONDENT

### MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Lopez-Ramirez, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the Petition, Memorandum in Support, and Response [4] filed by Petitioner, this Court has reached the following conclusion.

### Background

Petitioner is challenging his October 18, 2002 sentencing to 292 months incarceration for conspiracy to import five or more kilos of cocaine entered by the United States District Court for the Middle District of Florida. Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit on September 30, 2003. Petitioner states that the Eleventh Circuit also affirmed the trial court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on December 23, 2004.

Petitioner contends that his sentence was enhanced by factors not alleged in the indictment or determined by a jury as required by *United States v. Booker*, 543 U.S. 220, 125

S.Ct. 738, 160 L.Ed.2d 621 (2005).[1]  Specifically, Petitioner argues that a two-level sentence enhancement was imposed based on the district judge's finding that he was the captain of the vessel.  As a result, Petitioner was sentenced to 292 months imprisonment when he should have only been sentenced to 151 months imprisonment.  Petitioner requests that his sentence be vacated and his case remanded for re-sentencing.

## Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992);  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  In *Pack,* the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.  Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors that occurred during his federal sentencing by the Middle District of Florida, which is not properly pursued in a § 2241 petition.  *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)("section

---

[1] In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court held that an enhanced sentence imposed by a judge under a state sentencing reform act which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution.  *Blakely*, 542 U.S. at 305.  Booker extends that holding to invalidate the mandatory nature of the federal sentencing guidelines.  *Booker*, 543 U.S. at 243-44.

2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing.").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

As stated above, Petitioner argues that the United States Supreme Court's holding in *U.S. v. Booker*, 543 U.S. 220 (2005), affords him relief from his federal conviction and sentence imposed by the United States District Court for the Middle District of Florida. The Fifth Circuit has specifically held that *Booker* is not retroactively applicable on collateral review and it does not satisfy the test for filing a § 2241 petition under the savings clause of 28 U.S.C. § 2255. *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Since Petitioner is challenging the validity of his conviction and sentence in the instant petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition. Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of this case.

Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-455 (5th Cir. 2000).

SO ORDERED, this the   13th   day of July, 2007.

                                          s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE